UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JAVIER FRANCISCO RIOS,

        Petitioner,

-against-

UNITED STATES OF AMERICA,

        Respondent.
------------------------------------------------------------x

**NOT FOR PUBLICATION**
**MEMORANDUM & ORDER**
08-CV-4766 (CBA)

AMON, Chief United States District Judge:

      Petitioner Javier Francisco Rios ("Rios") has filed a motion to reduce his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, the motion is denied.

**I.    Background**

      On November 20, 2006, Rios pled guilty to conspiring to distribute and possess with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 841(b)(1)(A)(i), 846. Rios had coordinated a two-kilogram heroin transaction between two co-defendants (the supplier and the purchaser) and was present at the delivery, where federal agents arrived and arrested Rios's co-defendants. Rios evaded capture at that time and fled to Miami, where he was eventually apprehended following a car chase.

      In 1994, Rios had been convicted of Criminal Possession of a Controlled Substance in the Second Degree in New York County, after a search of his apartment uncovered 1.3 kilograms of heroin, as well as trafficking records and drug packaging materials. Rios had been sentenced to six years to life in prison, and was deported from the United States in 1997.

      At Rios's sentencing for the instant offense, it was determined that as a result of his prior conviction, plus the fact that he committed the offense while on parole, Rios had five criminal history points and was thus ineligible for any safety valve reduction. (See Transcript of

1

Sentencing, Case No. 06-cr-364, Sept. 19, 2007, at 4-5.)  Furthermore, although Rios had attempted to cooperate with the government, his proffer sessions had not proven fruitful and the government declined to submit a 5K motion.  (Tr. at 3, 12-13.)  The Court therefore determined that it was required to impose a sentence of at least 120 months (10 years) pursuant to the mandatory minimum sentence carried by the offense under 21 U.S.C. § 841(b)(1)(A)(i).  (Tr. at 19.)  Although the Sentencing Guidelines range provided for a term of imprisonment up to 135 months, upon consideration of the factors in 18 U.S.C. § 3553(a), the Court determined that the mandatory minimum was sufficient and sentenced Rios to 10 years in prison.  (Tr. at 14, 19-20.)

## II.     Discussion

In his § 2255 submission, Rios argues that this Court "disregarded or did not properly consider allowable 3553(a) factors" in imposing his sentence.  (Def. Mot. at 2.)  In particular, Rios argues that he should have been granted a downward departure because his status as a deportable alien unreasonably compounded the severity of his punishment, and reflected an unwarranted sentencing disparity between aliens and U.S. citizens.  (Id.)  He requests that the Court reduce his sentence by a period of up to 18 months.  (Id. at 3.)

Rios's motion is meritless.  Because he was subject to the statutory mandatory minimum of 10 years, the Court was and is without the power to impose a lower sentence.  See 21 U.S.C. § 841(b)(1)(A)(i) (10 year mandatory minimum for offenses involving one kilogram or more of heroin).  As was discussed at length during Rios's sentencing, he was ineligible for any departure below the mandatory minimum because (1) the government declined to submit a 5K letter under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, and (2) Rios did not qualify for the safety valve under § 3553(f)(1) and U.S.S.C. § 5C1.2 due to his 5 criminal history points.  See generally United States v. Resto, 74 F.3d 22 (2d Cir. 1996).  The Court was therefore without any

2

discretion to go below the 10 year statutory minimum. See Kimbrough v. United States, 552 U.S. 85, 107 (2007) ("[P]ossible variations among district courts are constrained by the mandatory minimums Congress prescribed in [21 U.S.C. § 841]."); United States v. Pena, 298 Fed. App'x 76, 79-80 (2d Cir. 2008) (in imposing sentence for violation of 21 U.S.C. § 841(b)(1)(A) "the District Court was statutorily required to impose a sentence of at least 120 months"); United States v. Sharpley, 399 F.3d 123, 127 (2d Cir. 2005) ("Booker makes the Guidelines advisory in nature, leaving sentences to the district court's discretion, guided by the Guidelines and the other factors of § 3553(a), and bounded by any applicable statutory minimum and maximum.") (emphasis added)).

Thus, regardless of the merits of Rios's arguments regarding the severity of his sentence under § 3553(a), this Court is without the power to reduce his sentence below the 10 year mandatory minimum that he received.

### III. Conclusion

For the reasons stated above, the motion for a sentence reduction under § 2255 is denied. No certificate of appealability shall issue because there has been no "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

SO ORDERED.

Dated:      Brooklyn, New York
              December 12, 2011

                                                  _____/s/_____
                                                  Carol Bagley Amon
                                                  Chief United States District Judge